In the Matter of the Application of LEHIGH VALLEY RAILROAD COMPANY, Appellant, for a Writ of Certiorari Directed to WILLIAM SOHMER, as Comptroller of the State of New York, Respondent.

Third Department, November 15, 1916.

Corporations — tax — payment by lessee of tax upon lessor companies — subsequent assessment against lessee for same period — certiorari.

Where a foreign railroad corporation duly authorized to transact business within this State and engaged in operating as lessee two domestic railroad corporations on demand by the State Comptroller to the lessor companies paid without objection within the time limited by statute the taxes upon the capital stock of said companies, and the Comptroller subsequently made an assessment against said lessee for a capital stock tax under the provisions of section 182 of the Tax Law covering the same years for which the lessee had already paid such tax for the lessor companies, the court is without power, no fraud being suggested, to grant a writ of certiorari ostensibly to review the latter assessment which had not been paid into the treasury as required by section 200 of the Tax Law, but actually to review the prior assessments and to have the payment of them credited as against the subsequent assessment.

*It seems,* however, that the Legislature may, under the circumstances, make some provision for doing justice to the lessee.

APPEAL by the Lehigh Valley Railroad Company from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 20th day of March, 1914, as resettled by an order entered therein on the 1st day of April, 1914, denying its application for a writ of certiorari to review the determination of the Comptroller in refusing to revise certain franchise taxes imposed upon it.

*Kenefick, Cooke, Mitchell & Bass* [*Edward H. Letchworth* of counsel], for the appellant.

*Egburt E. Woodbury,* Attorney-General [*Harold J. Hinman, Deputy Attorney-General,* of counsel], for the respondent.

WOODWARD, J.:

The petition in substance alleges that the relator is a railroad corporation, organized under the laws of the State of Pennsylvania in 1846, and duly authorized to transact business within

the State of New York; that in the years 1905 to 1911, both inclusive, the relator was engaged in operating the Lehigh and New York Railroad Company and the Lehigh Valley Railway Company properties within the State of New York under nine hundred and ninety-nine-year leases; that in each of these years the relator made and filed with the Comptroller of New York State capital stock reports in the form prescribed by the Comptroller, showing the foregoing facts; that these reports were made by the relator in accordance with the demands for such reports by the Comptroller to these lessor companies and upon blanks furnished by him; that the lessor companies were domestic corporations, and that during the years in question the relator received no requests from the Comptroller for a report as to the value of its capital stock employed within the State, and no demand or request for the payment of any capital stock tax, and made no report to the Comptroller. The relator further alleges that it, as the lessee company, fully paid and discharged all of the claims and demands of the State of New York, for the years in question, upon the capital stock of the two lessor companies, as fixed and determined by the Comptroller, and that such taxes aggregated $84,651.33, and that such taxes were paid under and in pursuance of the provisions of the leases under which such corporations were being operated by the relator.

The relator further alleges that during the years in question neither of the lessor companies was doing any business or exercising its corporate franchises within the State of New York, or employing any of its capital stock in this State, and that, therefore, the taxes so as aforesaid paid were illegal and void; and the recent decision of the Court of Appeals in *People ex rel. Lehigh & N. Y. R. R. Co.* v. *Sohmer* (217 N. Y. 443) probably sustains this contention to the extent that the relator, or its lessor companies, would have been relieved from the payment of these particular taxes had the question been seasonably presented to the courts, but it may be questioned if they were void in the sense of being without foundation in law, for the Comptroller, in levying the taxes, had jurisdiction of the parties and the subject-matter, and while he may have erred in holding that these lessor corporations were doing business or

exercising their corporate franchises within the State of New York, it appears to have been an error in which the relator shared, for it made no effort to contest the question within the time limited by the statute, and the relator does not now appear to contend that it has been wronged by the levying of these particular taxes, in the sense that it was not equitably liable for them as the lessee of the New York corporations.

What the relator contends for here is that by the action of the Comptroller in levying these taxes as against the lessor companies, and collecting the same from the relator, he has in some manner estopped the State from levying and collecting a tax as against the relator for the same years; and it must be admitted that the contention is likely to make a strong appeal to the equitable sensibilities of any court, however powerless it may be to give relief in the present application. The Comptroller has now made an assessment against the relator for a capital stock tax under the provisions of section 182 of the Tax Law (Consol. Laws, chap. 60; Laws of 1909, chap. 62),* covering the same years as those for which the relator has already paid a capital stock tax for its lessor companies, and involving, no doubt, substantially the same use of capital stock as that involved in the original assessment. The relator asks for a writ of certiorari, ostensibly to review the assessment for the sum of $73,220.46, but what it actually attempts to do — for it is not seriously contended that this last assessment is not in harmony with the provisions of the law — is to review the previous assessments and to have the payment of these credited as against the subsequent assessment; that is, we are asked to permit the issue of a writ of certiorari to review the action of the Comptroller in respect to a concededly legal assessment with the object in view of reaching back and reviewing assessments which under the statute cannot be reviewed directly at this time; and the rule is well established that the courts are not authorized to do indirectly that which they may not do directly. (*Matter of Henneberger,* 25 App. Div. 164, 169.)

Section 200 of the Tax Law† provides as a condition precedent of reviewing any audit and statement of account or any deter-

---

* Since amd. by Laws of 1916, chap. 333.— [REP.

† Since amd. by Laws of 1915, chap. 317.— [REP.

mination on the part of the Comptroller, the party aggrieved must pay the full amount of the tax, percentages, interest and other charges into the State treasury, and it is conceded here that the relator has not done this. It is urged, however, that the alleged illegal payments made to the State in behalf of the lessor companies should be regarded as a substantial compliance with this provision, and that the relator should be permitted to review the whole question upon equitable principles, reaching back and adjusting the whole matter according to the law as it has been recently laid down. Assuming that a court of equity, having jurisdiction, might properly enter into this matter and do justice by the relator, we are of the opinion that in the present situation this court is powerless to grant relief by way of a direction for a writ of certiorari. Taxation is rather an arbitrary matter, governed by statute, and the right of review is limited by the provisions of the statute. The only right of review which the relator has at present is a review of the proceedings under which it is now directly taxed for the use of its capital stock within the State of New York, and it having been judicially determined that its passive lessors within the State of New York were not properly chargeable with a capital stock tax, it must be obvious that the lessee operating such properties would come within the letter and the spirit of the law, and no one seriously contends to the contrary, and, indeed, it is conceded that the present assessment is properly and legally made; and no practical relief can be given to the relator, unless upon the writ of certiorari the court should undertake to review assessments made in the performance of judicial duties, and which have been permitted to stand unchallenged during the time that the statute permitted a review.

We think it is not within the province of the courts to do this in the absence of fraud, and no fraud is suggested. That this is a case in which the Legislature might, with propriety, make some provision for doing justice may be conceded, but it is beyond the power of this court, by certiorari, to adjust the matter.

The order appealed from should be affirmed.

Order unanimously affirmed, with ten dollars costs and disbursements.