Jacob Markowitz, J.
This is an application by petitioner for an order annulling the determination of respondent denying him a pistol permit.
Petitioner’s application for the permit was denied on the basis of the circumstances of two arrests of petitioner.
The facts and circumstances of the arrests are not in dispute and are as follows. In March, 1972 when petitioner was 19 years of age he was in a car with two friends that was stopped by the police. Upon a search of one of the occupants, other than petitioner, two marijuana cigarettes were found. Petitioner was arrested, not for possession of marijuana but rather for loitering for the purpose of using drugs. On the same day he was arrested petitioner was fined $25 for the offense and was released.
Petitioner’s second arrest occurred in July, 1973 when he and a group of approximately 20 friends went swimming in the nude at a lake in upstate New York. Petitioner and five other persons were arrested for this act and charged with public lewdness. Petitioner was fined $50 for this offense, and was released on the day of his arrest.
Based upon these two arrests respondent denied petitioner’s application for a pistol permit.
A wide range of discretion is necessarily delegated to respondent in the granting of pistol permits (Administrative Code of City of NY, § 436-5.0; Penal Law, § 400.00; Matter of Moore v Gallup, 267 App Div 64, affd 293 NY 846); a determi *626 nation by respondent should therefore not be overturned unless it is arbitrary and capricious (Matter of De Trano v Looney, 66 Misc 2d 183). The problem here, however, is complicated by the facts that, on the one hand, the offenses for which petitioner was arrested, are of minimal character, and, on the other, that petitioner is a supervisor of a number of check cashing establishments, is apparently fully trustworthy, personally sees to the delivery of hundreds of thousands of dollars a month, and needs the gun in the performance of his duties.
Respondent’s answer does not deny this; he simply denies knowledge and information sufficient to form a belief as to the truth of these allegations of the petition.
Eligibility for a license is covered by section 400.00 of the Penal Law. An applicant must be (a) of good moral character; (b) not theretofore convicted of a felony or stated misdemeanors or offenses; (c) who has not suffered from mental illness or been confined to a hospital or institution for mental illness; and (d) a person concerning whom no good cause exists for the denial of the license. Petitioner’s eligibility under (b) and (c) is not questioned. Considering (a) and (d) together, on the record under review the offenses described at the inception of this memorandum opinion, in the context of the time and circumstances in which they were committed, were not of such stature as to constitute good cause to deny the permit.
The petition is accordingly granted, without costs.