In the Matter of SEA LAR TRADING CO., INC., Respondent, v PHILIP R. MICHAEL, as Commissioner of the Department of Finance of the City of New York, Appellant.

First Department, June 28, 1983

APPEARANCES OF COUNSEL

*Charles Himmelman* of counsel (*Gale Zareko, Stanley Buchsbaum* and *Arnold Fox* with him on the brief; *Frederick A.O. Schwarz, Jr., Corporation Counsel,* attorney), for appellant.

*Jack B. Bleier* of counsel (*Silbowitz, Bleier & Bleier,* attorneys), for respondent.

OPINION OF THE COURT

FEIN, J.

The Department of Finance of the City of New York (Department) appeals from an order of the Supreme Court, New York County (MARTIN EVANS, J.), entered November 13, 1981, which modified an order and judgment of the same court and Justice, entered February 10, 1981, and directed with respect to certain seized contraband that (1) the property be turned over to a prosecutor for criminal proceedings, or (2) a forfeiture proceeding be instituted, or (3) the property be returned to its owner, and that metering machinery and untaxed cigarettes seized during the investigation either (1) be turned over to a prosecutor within 30 days, or (2) returned to their owners. Special Term declared unconstitutional certain sections of the Administrative Code of the City of New York dealing with proceedings to recover taxes, including the seizure and sale of property for that purpose, upon the ground that the code does not grant a prompt due process hearing on the seizure and additionally requires payment of the disputed tax or a bond as a precondition to judicial review.

Petitioner (Sea Lar) is a wholesale distributor of cigarettes in Manhattan, authorized as a meter agent by the city and State to affix tax stamps to cigarettes purchased and imported from out-of-State manufacturers. On September 29, 1980 the Department's investigators searched Sea Lar's premises pursuant to their examination authority (Administrative Code of City of New York, § D46-7.0) and seized 2,310 cartons of cigarettes bearing counterfeit tax stamps. A warrant was filed for the seizure and a jeopardy assessment was made, fixing the value of this property at $49,855.68. The investigators then seized certain Pitney Bowes stamping machinery and the remaining

stock of taxed and untaxed cigarettes, assessed separately at $312,090. Notices of levy and sale, scheduled for October 16, 1980, were issued on the dates of the seizures, in accordance with section 477 of the Tax Law which requires at least five days' public notice before the public sale of forfeited property. Hearings were then scheduled by the Department to consider the propriety of the seizures as well as the assessed valuation of the seized property. Sea Lar's license was revoked and its agency license suspended, subject to hearings.

Special Term, denying the Department's motion to dismiss the petition, approved Sea Lar's license suspension. However, it invalidated the proposed sale, ordered a return to petitioner of all seized property, and directed a hearing on the propriety of the two jeopardy assessments merely upon petitioner's "filing of a note of issue and the payment of the calendar fee thereof". While the decretal paragraphs of the order and judgment contained no reference to unconstitutionality, the court's opinion (107 Misc 2d 93) clearly found denial of due process in the manner of seizure and proposed sale, and the requirement of prepayment or bond before litigation.

The Department then moved for reargument and leave to appeal to this court, stressing that the seizure of contraband was justified, as was the seizure of the "means of criminal activity" (the unstamped cigarettes and metering machinery), and that the requirement of deposit of tax at issue or an undertaking as a condition precedent to judicial review was a recognized procedure which did not violate due process. Special Term considered the motion one for renewal on the proffered ground of justifiable seizure, but adhered to its prior determination that the seizure was unconstitutional because neither the per se contraband items nor the ancillary property alleged to be merely an instrumentality of crime could be seized under a statute which fails to grant a prompt hearing on the seizure.

The court acknowledged that warrantless administrative searches are permissible if reasonably conducted according to a comprehensive regulatory or statutory scheme (*United States v Biswell*, 406 US 311), and found that the Administrative Code provisions relating to cigarette taxes

constitute such a comprehensive scheme. However, Special Term ruled that a seizure could only be justified if the property were retained for a lawful purpose, namely, criminal prosecution. The Department's intended public sale of this seized property, on the other hand, would give precisely the opposite result, namely, dissipation of such potential evidence for later criminal prosecution. Nevertheless, Special Term did modify its earlier order and judgment. Instead of directing return of the seized property to petitioner, it provided the Department with three alternatives with respect to the per se contraband property (the cigarettes with the counterfeit stamps): (a) turn the property over to a prosecutor for initiation of criminal proceedings, (b) institute forfeiture proceedings, or (c) return the property to its owner (presumably petitioner). With regard to seized property which Special Term considered not to be per se contraband (the metering machinery and the untaxed cigarettes), the court imposed two options: (a) turn this property over to a prosecutor for initiation of criminal proceedings within 30 days, or (b) return these items to their owners (presumably the unstamped cigarettes to petitioner and the machinery to Pitney Bowes). The Department appeals.

We address first the issue of deposit of the disputed tax or an undertaking as a condition precedent to judicial review. Special Term ignored a long line of precedent upholding the constitutional right of the taxing authority to require the taxpayer to secure the assessment by payment or bond before litigating that liability. (*Rosewell v LaSalle Nat. Bank,* 450 US 503; *Flora v United States,* 357 US 63, reaffd on reh 362 US 145; *Bull v United States,* 295 US 247, 260; *Phillips v Commissioner of Internal Revenue,* 283 US 589; *Matter of Western Elec. Co. v Taylor,* 276 NY 309; *Matter of Pan Amer. Athletic & Social Club v Commissioner of Finance,* 94 AD2d 606; *Matter of Lehigh Val. R. R. Co. v Sohmer,* 174 App Div 732, 734-735, affd 220 NY 689.) Even the possibility of irreparable injury pending resort to judicial review will not raise constitutional due process questions concerning this established procedure (*Bob Jones Univ. v Simon,* 416 US 725).

In support of its ruling that the requirement of payment of a tax before litigation denies due process, Special Term cited *Boddie v Connecticut* (401 US 371). That case, which had nothing to do with tax laws, invalidated a statutory requirement of payment of court fees before a party could institute an action for dissolution of marriage, even where the prospective litigant was an indigent. Inasmuch as dissolution of marriage is an exclusively judicial process, the Supreme Court held that the Connecticut statute denied an indigent access to the courts for necessary litigation of this kind, and thus deprived him of due process. This holding was delimited in the *Boddie* decision itself. Noting that the case involved the right to adjustment of a fundamental human relationship which could be entertained only in the courts, the Supreme Court added (401 US, at p 382) that "we go no further than necessary to dispose of the case before us * * * We do not decide that access for all individuals to the courts is a right that is, in all circumstances, guaranteed by" constitutional due process. The Supreme Court has since rejected attempts to broaden the application of *Boddie* (*supra*). For example, in *United States v Kras* (409 US 434) the court upheld the constitutionality of required payment of a fee of up to $50 as a precondition for discharge in bankruptcy. And in *Ortwein v Schwab* (410 US 656) an Oregon statute requiring payment of a $25 fee as a precondition to State appellate court review of a welfare agency's determination was also held not to be a deprivation of due process. In both cases *Boddie* was distinguished, and in all three cases the appellant was a bona fide indigent. In *Lindsey v Normet* (405 US 56), also cited by Special Term, the Supreme Court considered an Oregon statute which imposed a double-bond obligation on a tenant appealing an eviction proceeding for nonpayment of rent. The statute additionally provided that in the event the landlord prevailed on the appeal, the entire double bond would be forfeited. Although the statute was held to deny equal protection, the court noted (405 US, at p 77) that there is no constitutional infirmity in a statute imposing a requirement for posting reasonable and

adequate security prior to an appeal in order to preserve property at issue.

■ The requirement that the tax be paid or bonded as a precondition to judicial review is not unconstitutional. Sea Lar's failure to pay or bond the tax is fatal and entitles the Department to a reversal and dismissal to the extent appealed from. The warrantless search appears to have been consensual and to have been conducted pursuant to a constitutionally approved procedure as ruled by Special Term (*United States v Biswell,* 406 US 311, *supra*). The Department requests remand to the Department for a hearing on the propriety of the seizure and to determine the amount of the tax due.

Nevertheless, we deem it proper to consider the remaining issues raised. On the question of the right to a prompt postseizure hearing, Special Term cited *Arthur Treacher's Fish & Chips v New York State Tax Comm.* (69 AD2d 550) for the proposition that a statute authorizing seizure of property, in order to comport with due process, must explicitly mandate not only a postlevy administrative determination, but also must direct that such a hearing be held promptly after the levy. The Third Department ruled that a section of the Tax Law relating to bulk sales which permitted seizure of property pursuant to a warrant where the bulk sale did not provide for payment of taxes due, but which failed to afford the taxpayer an opportunity for a prompt postlevy hearing into probable validity of the tax claim against him, violates due process.

■ We decline to follow the Third Department in this case. A basic principle of statutory construction requires that a statute be construed, whenever possible, in a manner which avoids unconstitutionality (*United States v Jin Fuey Moy,* 241 US 394; *People v Kaiser,* 21 NY2d 86, 103, affd 394 US 280). The right to a hearing, though not directed, can be inferred from a statute, despite the absence of an express provision therefor. "Where the exercise of a statutory power adversely affects property rights — as it does in the present case — the courts have *implied* the requirement of notice and hearing, where the statute was silent" (*Matter of Hecht v Monaghan,* 307 NY 461, 468; see *Matter of White Plains Nursing Home v Whalen,* 53 AD2d

926, 927, affd 42 NY2d 838, cert den 434 US 1066). Under section D46-11.0 of the Administrative Code the taxpayer is given the right, within 30 days of notice of fixing of the tax, to request a hearing on the determination. The fact that no time limit is contained within the statute for the holding of such a hearing should not invalidate the statute on due process grounds. Sea Lar has not alleged an unreasonable delay in holding a postseizure hearing. It is undisputed that a prompt hearing was offered. Under these circumstances, we should not reach to declare this statute unconstitutional.

■ Finally, we disagree with Special Term's alternative directive that the confiscated property be returned to Sea Lar. There is no sharp issue about returning the tax stamping machinery to its owner, Pitney Bowes. The Department does not object. But untaxed cigarettes, and cigarettes bearing counterfeit tax stamps, cannot be returned to Sea Lar, especially in light of Special Term's appropriate statement that the interim suspension of Sea Lar's agency license was proper.

The primary reason for confiscation of the cigarettes was to permit a revenue producing sale for the Department. Although samples of the evidence should be kept for use in future prosecution (see Administrative Code, § D46-18.0, subd c), there is no need to retain thousands of cartons of this perishable commodity for such purpose. Clearly one purpose of the seizure was to facilitate a prompt liquidation of these assets, out of which Sea Lar could always be recompensed should the tax assessment fail.

Where evidence, even though illegally seized, is contraband, the owner is not entitled to its return (*United States v Jeffers,* 342 US 48). A distinction has been made between confiscated property which is per se contraband and that which is merely "derivative contraband". The former category includes such patently illegal items as narcotics, gambling apparatus and the paraphernalia used to make bootleg alcohol. In the latter category are such ostensibly innocent items as cash or an otherwise legal automobile which happened to have been used for illegal purposes. In *Plymouth Sedan v Pennsylvania* (380 US 693, 699), the Supreme Court announced the following test: If mere pos-

session of the contraband constitutes a crime, then repossession of such per se contraband would subject the possessor to additional criminal penalties. Return of such contraband would obviously frustrate the express public policy against the possession of such objects. Here the statute (Administrative Code, § D46-18.0, subd c) makes it a crime to possess cigarettes bearing counterfeit stamps or even no stamps. Possession of more than 400 cigarettes in "unstamped or unlawfully stamped packages" is presumptive evidence that such cigarettes are subject to tax. Possession of 5,000 or more cigarettes in such condition is presumptive evidence of possession for the purpose of sale. The sale of at least 20,000 cigarettes in unstamped or unlawfully stamped packages constitutes a class E felony. Counterfeit and unstamped cigarettes must therefore be considered per se contraband. Under the circumstances, possession of such property would constitute a crime, and thus the seized cigarette stock cannot be returned to Sea Lar. This is particularly so in light of the fact it no longer has a license to act as a meter agent.

The order, Supreme Court, New York County (MARTIN EVANS, J.), entered on November 13, 1981 should be reversed, on the law and the facts, without costs, to the extent appealed from, the constitutionality of the disputed sections of the Administrative Code is upheld, the petition is dismissed and the matter remanded to the Department for hearing to determine the propriety of the seizure of the property and the amount of taxes actually due.

SULLIVAN, J. P., SILVERMAN, BLOOM and ALEXANDER, JJ., concur.

Order, Supreme Court, New York County, entered on November 13, 1981, unanimously reversed, on the law and the facts, without costs and without disbursements, to the extent appealed from, the constitutionality of the disputed sections of the Administrative Code upheld, the petition dismissed and the matter remanded to the appellant for a hearing to determine the propriety of the seizure of the property and the amount of taxes actually due.