HILTON INTERNATIONAL COMPANY D/B/A CARIBE HILTON
HOTEL, PLAINTIFF-RESPONDENT, v. JOEL GINSBURG A/K/A
JOE GAINES, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 22, 1985.   Decided Nov. 20, 1985.

Before Judges DREIER, BILDER and GRUCCIO.

*Dominic F. Amorosa* argued the cause for appellant (*Dominic F. Amorosa,* on the brief).

*Edward S. Rosen* argued the cause for respondent (*Kaufman & Rosen,* attorneys; *Gary L. Lustbader,* on the brief).

DREIER, J.A.D.

Defendant has appealed from a summary judgment in favor of plaintiff entered after an order striking defendant's statute of limitations defense. Plaintiff's claim was based upon a judgment of the District Court of Puerto Rico, and plaintiff successfully urged in the Law Division that the judgment was entitled to full faith and credit. Defendant contends that he received a constitutionally deficient notice of the pendency of the Puerto Rican action, and thus the judgment is unenforceable in New Jersey. He raised the additional defense that the action was instituted in Puerto Rico beyond the time limited by the New Jersey statute of limitations for a similar claim and, therefore, *N.J.S.A.* 2A:82-4.3 denies enforceability to the judgment.

Treating the statute of limitations question first, we determine that the trial judge properly struck this defense. Judge Haines in *Philadelphia v. Wheeler*, 192 *N.J.Super.* 616, 620 (Law Div.1983) correctly held that *N.J.S.A.* 2A:82-4.3 is unconstitutional in that it violates the Full Faith and Credit Clause of the United States Constitution, *U.S.Const.*, Art. IV, § 1.

We next treat the basis upon which the judgment itself was entered. The courts of New Jersey are only required to give full faith and credit to a judgment based upon notice to the defendant which was reasonably calculated under the circumstances to have apprised him of the pendency of the action and which afforded him an opportunity to present his defense. *Mullane v. Central Hanover Trust Co.*, 339 *U.S.* 306, 314, 70 *S.Ct.* 652, 657, 94 *L.Ed.* 865, 873 (1950); *see also* 2 *Restatement, Conflict of Laws* 2d, § 92(b) at 272 (1971).

Defendant claims that the notice in this case was insufficient in that it failed properly to inform him of how and where to file his answer, and that he complied with the directions given by plaintiff's attorney. The trial court's finding to the contrary apparently was based upon a misapprehension that an English translation of the published notice supplied to the Puerto Rico

Court had been provided to defendant. This English version of the published notice shows on its face, however, that it was translated well after defendant was served. The English language summons served upon defendant required only that defendant serve a copy of his answer upon plaintiff's attorney, and this was accomplished within time. The summons further stated that there had been a published notice in a Puerto Rico newspaper; but even if defendant had obtained a copy of this published notice by somehow obtaining the back issue of the newspaper, the notice was in Spanish, a language that he did not speak or read. Plaintiff's attorneys could and should have sent an English translation of the notice to defendant if they expected defendant to be bound by its contents.

There is even a more disturbing aspect to this case. Defendant's *pro se* answer had been served within time upon plaintiff's Puerto Rico attorney and, in fact, there had been an exchange of correspondence with defendant after the attorney received the answer. Plaintiff's attorney sent defendant an English translation of a "Motion Concerning Answers Served Upon Plaintiff's Attorney" to which defendant responded immediately by letter dated October 19, 1982. He acknowledged receipt and explained that the answer had been sent only to plaintiff's attorney based upon the explicit direction of the summons and that defendant could not afford an attorney in Puerto Rico. He further stated that he wished to defend the law suit on the basis of the answer already submitted to plaintiff's attorney. Defendant asked that a copy of his letter be submitted to the court and requested the address of the court so that he could correspond directly with the judge. Unfortunately, judgment was entered against defendant on the very day he wrote his letter. It appears, therefore, that plaintiff's attorney in Puerto Rico had a default judgment entered against defendant, having defendant's answer already in his possession and knowing that defendant intended to oppose the claim. Also, after receiving defendant's letter, he took no steps to vacate the judgment. This conduct is highly questionable.

The Full Faith and Credit Clause requires us to give only such weight to a judgment as the rendering court would give. 1 *Restatement, Conflict of Laws,* 2d § 93 Comment b. at 278 (1971). All courts are permitted to vacate judgments procured by mistake or fraud upon the court. *Lea v. Lea,* 32 *N.J.Super.* 333, 338 (App.Div.1954), aff'd 18 *N.J.* 1 (1955). There is no question in our minds that if these facts were before the District Court of Puerto Rico, it would have vacated the default judgment and filed defendant's answer.

The parties have informed us that the applicable Puerto Rico statute of limitations is 15 years, and that even now a new and timely claim could be brought against defendant in Puerto Rico. Even if the current Puerto Rico action is maintained, the default judgment there could be set aside and defendant could be given time to answer after proper notice. In any event, we note that plaintiff will be deprived of no substantive right by our refusal to penalize defendant for his following of plaintiff's counsel's explicit directions in the Puerto Rico summons.

Since the Puerto Rico judgment is defective, it is not entitled to full faith and credit and no New Jersey judgment should have been based thereon. The judgment appealed from is reversed and the complaint is dismissed.