NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, PLAINTIFF-RESPONDENT, v. MERRITT, INC., T/A MERRITT SALES BRICKS, DEFENDANT, AND THEODORE C. MERRITT, INDIVIDUALLY AND AS RESPONSIBLE OFFICER OF MERRITT, INC., DEFENDANT-APPELLANT.

Argued February 17, 1987—Decided April 13, 1987.

*Barry S. Block* argued the cause for appellant.

*Emil P. Herman* argued the cause for respondent (*Young & Young,* attorneys).

PER CURIAM.

Defendant, Theodore C. Merritt, was an officer in a New Jersey corporation doing business in New York. We granted certification, 105 *N.J.* 555 (1986), to consider his argument that a New York judgment of personal liability against him for the sales tax obligations of Merritt, Inc., a New Jersey corporation, was entered without due process of law and was therefore not entitled under the United States Constitution to full faith and credit in our courts. The particular judgment had been entered by issuance of an administrative warrant, under *N.Y. Tax Law* § 1141(b), that when appropriately docketed has the force of a judgment under New York law.

New York sued on its judgment in New Jersey and moved for summary judgment. The principles of law are set forth in *City of Philadelphia v. Stadler,* 164 *N.J.Super.* 281 (Cty.Ct.1978), *aff'd o.b.,* 173 *N.J.Super.* 235 (App.Div.), *certif. den.,* 85 *N.J.* 465 (1980), *cert. denied,* 450 *U.S.* 997, 101 *S.Ct.* 1702, 68 *L.Ed.*2d 198 (1981). A foreign state's tax judgment is entitled to full faith and credit unless entered without due process of law. Thus, a court of this State, when asked to enforce a foreign state tax judgment, must deny full faith and credit if, among other things, the rendering court "failed to provide adequate notice and an opportunity to be heard." 164 *N.J.Super.* at 286 (citations omitted).

Defendant contends that he had no notice or opportunity to be heard prior to the entry of the personal judgment against him in New York. The trial court expressed the view that New York had done nothing more than follow its tax law and that a "determination [of unconstitutionality] could be made only by the Courts of New York." It granted summary judgment in

favor of New York on its claim of $212,835.77. The Appellate Division affirmed, but on a different theory. That court reasoned that by consenting to the amount of liability due from the corporation, the defendant had consented to the personal judgment against himself as a "responsible officer." Neither theory appears satisfactorily to dispose of the defendant's contentions.

New York courts, federal and state, have interpreted the particular statutory provisions to require notice and hearing before the warrants of judgment can be entered. *In the Matter of United Casket Co., Inc.,* 449 *F.Supp.* 261, 265 n. 3 (E.D.N.Y.1978); *Sea Lar Trading Co., Inc. v. Michael,* 94 *A.D.* 2d 309, 464 *N.Y.S.*2d 476 (Sup.Ct.1983). In 1985, the New York Legislature amended *N.Y. Tax Law* § 1138(a)(3)(B) (McKinneys Supp.1986) to conform to that requirement.

At oral argument before us, the New York Department of Taxation and Finance presented for the first time evidence that defendant had indeed been served with a notice of proposed personal assessment, affording him the right to be heard. Such notice would obviate any debate about whether notice to a corporation of proposed corporate tax liability would serve also as notice to the president that he or she would also be liable as a responsible officer under the Tax Law. *Gage v. Sales Tax Comm'n,* 73 *A.D.*2d 635, 422 *N.Y.S.*2d 757 (App.Div.1979) (Sales Tax Commission that imposed personal liability on corporate officer for corporation's failure to pay tax found not to exceed its authority where statutory notice informed president that assessment for taxes would be final unless application for hearing was filed, and president failed to file); *see also Massa v. New York State Tax Comm'n,* 102 *A.D.*2d 968, 477 *N.Y.S.*2d 838 (App.Div.1984) (taxpayer who served as corporate president and failed to comply with statute requiring individual challenging tax assessment to first file an undertaking was properly held personally liable for tax assessment of corporation).

Defendant denies receipt of the notice. On this record, we are unable to resolve whether the notice was actually mailed or received and whether the address was one reasonably calculated to afford notice to defendant.

For the reasons stated, the judgment of the Appellate Division is reversed and the matter remanded to the Law Division for further proceedings in accordance with this opinion.

*For reversal and remandment* —Chief Justice WILENTZ, and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*For affirmance* —None.