689 A.2d 814

BARBARA PECTOR AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JACK PECTOR, PLAINTIFF–RESPONDENT, v. EILEEN MELTZER, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued February 18, 1997—Decided March 11, 1997.

Before Judges HAVEY, KESTIN and EICHEN.

*Harvey R. Meltzer* argued the cause for appellant (*Harvey R. Meltzer*, attorney).

*Adam M. Schneider* argued the cause for respondent (*Adam M. Schneider*, attorney).

The opinion of the court was delivered by

EICHEN, J.A.D.

Defendant Eileen Meltzer appeals from a final judgment in the sum of $958.50, plus interest, entered in the Law Division in favor of plaintiff Barbara Pector as personal representative of the estate of Jack Pector. The judgment represents taxed costs arising from an unsuccessful will contest defendant commenced in the Circuit Court in Dade County, Florida. Following a bench trial, the Law Division judge entered judgment in favor of plaintiff, concluding that the Florida order was entitled to full faith and credit. We agree and affirm but for reasons other than those given by the trial court.

Defendant contends that the Florida judgment was not entitled to enforcement in New Jersey under the Full Faith and Credit Clause of the United States Constitution, *U.S. Const.* art. IV, § 1, because she did not have notice and an opportunity to be heard in opposition to the application for costs and, therefore, the Florida order was entered in violation of her right to due process of law. The record reflects that neither defendant nor her Florida attorney were present at the proceeding that culminated in the entry of the Florida judgment.[1]

To better understand the background, we briefly recite the procedural history. After plaintiff commenced her action in the Law Division, she filed a motion for summary judgment. Noting the conflicting allegations contained in the certifications filed by the Florida attorneys on behalf of plaintiff and defendant concerning the mailing of the requisite notice and its receipt, a different Law Division judge denied the motion, concluding that defendant had demonstrated a genuine issue of fact concerning her receipt of the notice.[2] Hence, the matter was listed for trial.

---

[1] The record reflects that on September 2, 1993, the Florida court had previously denied an application for counsel fees upon receiving opposition from defendant through her Florida counsel.

[2] The certification of Florida counsel for defendant, Gloria Gross, Esq., dated January 11, 1995, states in relevant part as follows: "A careful review of my file

At a bench trial,[3] defendant testified that she did not receive notice of the Florida proceeding seeking costs against her. Both parties submitted their Florida attorneys' certifications. The judge determined that plaintiff's order was entitled to full faith and credit because the Circuit Court in Florida had *in personam* jurisdiction over defendant and, therefore, if defendant wished to dispute receipt of notice of the Florida proceeding for costs, her remedy was to have challenged the judgment in Florida. The judge stated that because Florida's procedural law permits a court to relieve a party from a final judgment for the same reasons and on the same grounds as the procedural law of New Jersey, *compare Fla. R. Civ. Pro.* 1.540(b) with *R.* 4:50, defendant was required to launch her challenge in Florida.

We disagree that defendant was required to first challenge the order in Florida before opposing its enforcement in this state under the Full Faith and Credit Clause. However, we conclude that the order is enforceable because defendant failed to overcome the presumption of receipt of the notice. In so ruling, we observe that the judge did not make any findings or conclu-

reflects that the November 10, 1993 Order, awarding costs to Plaintiff, in the above-captioned action, of $958.50 was obtained without notice to my client." A subsequent certification dated March 30, 1995 recites that "[a]t no time did either I or my client receive any notice of a hearing which resulted in the issuance of the November 10, 1993 Order." The certification continues to the effect that had counsel for defendant received notice of the proceeding for taxed costs, she would have appeared as she had on the prior motion for counsel fees.

The certification filed by opposing Florida counsel, Jay M. Levy, Esq., dated March 21, 1995, certifies that "[p]rior to the entry of the November 10, 1993 Order, notice was sent pursuant to the Florida Rules of Civil Procedure by ordinary mail to Gloria Gross, Esq., ... that I would move for taxation of costs in the matter." The certification further recites, among other things, that efforts to vacate the order in Florida were never undertaken by defendant.

3 Defendant's Florida attorney, Ms. Gross, was unable to attend the trial due to alleged medical problems. Defendant's New Jersey counsel attempted to have the matter adjourned, but the motion was denied. In addition, defense counsel's motion for leave to appeal the decision denying his request for an adjournment was rejected by this court on December 6, 1995. Defendant is not now appealing from that determination.

sions concerning defendant's due process challenge to the enforceability of the Florida order on the ground of lack of receipt of notice; nonetheless, rather than remand for such findings and conclusions, we elect to exercise our original jurisdiction to complete the determination of the matter. *R.* 2:10–5. *See generally Bressman v. Gash,* 131 *N.J.* 517, 529, 621 *A.*2d 476 (1993).

Initially, we observe the well-established principle that "a court of this State, when asked to enforce a foreign state judgment, must deny full faith and credit if the rendering court lacked *in personam* jurisdiction, subject matter jurisdiction, *or failed to provide adequate notice and an opportunity to be heard." Security Ben. Life Ins. Co. v. TFS Ins. Agency, Inc.,* 279 *N.J.Super.* 419, 423, 652 *A.*2d 1261 (App.Div.) (emphasis added) (quoting *City of Philadelphia v. Stadler,* 164 *N.J.Super.* 281, 286, 395 *A.*2d 1300 (Cty.Ct.1978), *aff'd o.b.,* 173 *N.J.Super.* 235, 413 *A.*2d 996 (App.Div.), *certif. denied,* 85 *N.J.* 465, 427 *A.*2d 563, (1980), *cert. denied,* 450 *U.S.* 997, 101 *S.Ct.* 1702, 68 *L. Ed.*2d 198 (1981)), *certif. denied,* 141 *N.J.* 95, 660 *A.*2d 1194 (1995). Hence, it is clear that even where *in personam* jurisdiction has been acquired over a person, our courts must deny enforcement if the rendering court failed to provide adequate notice and an opportunity to be heard of a subsequent proceeding in the action. *See New York State Dep't of Taxation & Fin. v. Merritt, Inc.,* 105 *N.J.* 584, 585, 523 *A.*2d 654 (1987) (citing *City of Philadelphia v. Stadler, supra,* 164 *N.J.Super.* at 286, 395 *A.*2d 1300). *See also Hilton Int'l Co. v. Silverman,* 166 *N.J.Super.* 48, 51, 398 *A.*2d 1322 (App.Div.1979) (recognizing defendant's right to contest notice of subsequent proceedings in foreign court before New Jersey will enforce judgment under the Full Faith and Credit Clause).

The Full Faith and Credit Clause requires us to give only such weight to the foreign judgment as the rendering court would give. *Hilton Int'l Co. v. Ginsburg,* 207 *N.J.Super.* 1, 4, 503 *A.*2d 879 (App.Div.1985). And if the foreign judgment comports with the foreign state's local procedure, it is entitled to full faith and credit in this state, so long as the judgment is not entered in

violation of due process of law. *Security Benefit, supra,* 279 *N.J.Super.* at 424, 652 *A.*2d 1261.

Under Florida procedural law, service by mail is considered complete upon mailing, and a certificate of service is *prima facie* proof that service has been effectuated. *Fla. R. Civ. Pro.* 1.080(f). This presumption of receipt requires the trier of fact to assume the existence of the presumed fact, *i.e.,* receipt, unless credible evidence of its non-existence, *i.e.,* non-receipt, is introduced. *See Berwick v. Prudential Property and Casualty Ins. Co.,* 436 *So.*2d 239, 240 (Fla.Dist.Ct.App.1983). A sworn affidavit stating that the filing was not received will not automatically overcome the presumption; it merely creates an issue of fact which must be resolved by the trier of fact. *See Camerota v. Kaufman,* 666 *So.*2d 1042, 1045 (Fla.Dist.Ct.App.1996).

In this case, the motion judge recognized these principles when he referred the matter for trial. At trial, however, defendant failed to overcome the presumption of service by mail of plaintiff's notice for costs. The evidence concerning service of the notice consisted entirely of defendant's testimony and the two certifications from opposing Florida counsel. In order to overcome the presumption of service by mail, defendant was required to submit additional credible evidence. This she failed to do. While we recognize that defendant had anticipated presenting her Florida counsel as a witness at trial but was unable to do so, based on our review of the attorney's filed certification, we are satisfied that her testimony was unlikely to have augmented the limited information originally contained in her certification so as to have overcome the presumption.

Affirmed.