OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Term should be affirmed.
 

 The issue on this People’s appeal is whether defendant’s alleged violation of the terms and conditions of his weapons license may constitute a misdemeanor under Penal Law § 400.00. The People initially charged defendant with two felony counts of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]) and two counts of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]). These charges were dismissed. When the People then moved to accuse him under Penal Law § 400.00 (17), defendant moved to dismiss. The People next proposed to charge defendant under Penal Law § 400.00 (8), which requires licensees to carry their licenses when guns are in their possession.
 

 There is no dispute that defendant was in possession of weapons and ammunition at the time he was stopped by police in the Bronx. The weapons were not loaded and were being transported, together with the separate ammunition, in an unlocked and unlockable pouch placed on the passenger seat of defendant’s vehicle. Also undisputed is the fact that, at the time of his arrest, defendant possessed a valid license to own, possess and transport those weapons. The license was issued by the Police Commissioner of the City of New York pursuant to Administrative Code of the City of New York § 10-131 (a) (1).
 
 *959
 
 The front of defendant’s license states that it is a “target” type of “pistol license,” “issued under article 400, penal law.” The back of the license states:
 

 “this license is issued under the following conditions 1. It is revocable at any time * * * 5. TARGET LICENSE. RESTRICTED. Issued for TARGET practice and hunting only. Licensees are restricted to transporting their firearm(s) unloaded, in a locked container, directly to and from an authorized range or hunting location. Ammunition will be transported separately.”
 

 Criminal Court granted defendant’s motion to dismiss the charges, finding that defendant’s actions, while violative of the conditions and restrictions of the license, did not constitute a violation under Penal Law § 400.00. Appellate Term affirmed, stating that the appropriate remedy for license violations is administrative, within the regulatory framework. On the People’s appeal to this Court, we now affirm.
 

 Penal Law § 400.00 does not expressly address the manner and circumstances under which a target pistol may be carried pursuant to a license issued by New York City’s Police Commissioner. This Court has held, however., that the power to issue a license necessarily and inherently includes the authority to impose conditions and restrictions
 
 (see, Matter of O'Connor v Scarpino,
 
 83 NY2d 919, 921).
 

 Here, the alleged transgression is not prohibited or restricted by the Penal Law. Thus, we conclude that this violation of the regulatory terms and conditions of the license may not carry a penal sanction. That consequence is for the Legislature to prescribe and proscribe, and it has not done so within the framework of Penal Law § 400.00
 
 (compare,
 
 Penal Law § 205.00). We agree with the lower courts that the available sanction for the violation of this administratively imposed condition relating to the license at issue should be confined to the administrative apparatus
 
 (see, People v Parker,
 
 52 NY2d 935,
 
 reversing on dissent of Birns, J.,
 
 70 AD2d 387, 391-394).
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order affirmed in a memorandum.