OPINION OF THE COURT
Jane S. Solomon, J.
Petitioner David Beach petitions this court for a judgment pursuant to CPLR article 78 compelling and directing respondent Raymond Kelly, as the statutorily designated handgun licensing officer and as the New York City Police Commissioner, and his successors to (1) grant petitioner a continuation of his pistol permit on the grounds that respondent ignored, and/or misinterpreted the 1986 federal law known as the Firearm Owners’ Protection Act; and (2) grant petitioner a continuation of his pistol permit based upon the grounds that the revocation of this permit by respondent is “shocking to one’s sense of fairness.” For the reasons described herein, the petition is granted.
Background
Petitioner is a naturalized United States citizen and a resident of New York City, who works as an unarmed security doorman at a Lower Manhattan restaurant. In or about March 2001 he applied to respondent’s License Division for a premises resident pistol license. This is a restricted license, issued for a specific residence location. (See 38 RCNY 5-01 [a].) It differs from other types of licenses, which permit a licensee to carry a loaded handgun, either during specified times for certain business reasons or without restrictions. (See id.)
A premises resident pistol license does, however, permit the licensee to transport an unloaded handgun that is secured unloaded in a locked container directly to and from authorized small arms ranges/shooting clubs. (Id.) Ammunition needs to be carried separately. (Id.) Transportation to and from areas designated by the New York State Fish and Wildlife Law is also permitted if the licensee has a separate hunting authorization. (See 38 RCNY 5-23 [a] [l]-[4].) Other than these specific exceptions, the handgun must be safeguarded at the specific address *809 indicated on the license. Petitioner’s license clearly reads “RESTRICTED — NOT FOR CARRY.”
By a letter dated September 10, 2001, the License Division approved petitioner’s premises residence license. It renewed his application the subsequent two years. On or about July 25, 2003, petitioner’s pistol was stolen from his vehicle. Petitioner reported the incident to the License Division, and, following an investigation into the matter, petitioner’s license was continued.
On or about January 9, 2004, petitioner went to have his pistol inspected by the License Division. It was discovered that petitioner carried his ammunition in the same box as his newly purchased pistol and that he had an expired purchase order in violation of 38 RCNY 5-24 (a) (5) and (6). As a result of an investigation, petitioner’s license was suspended until June 9, 2004.
When petitioner attempted to renew his license in August 2004, the License Division became aware that he transported a handgun by plane to Las Vegas, Nevada, in 2003 to attend security related seminars, conventions and training sessions. Petitioner also held the equivalent of a full carry pistol license in Nevada, and he states that he was required to have licenses from both states in order to check his handgun with the airline. Prior to his trip, petitioner contacted the License Division regarding taking his pistol to Nevada, but testified that he never received a clear answer. He states that he checked his handgun in a locked container, unloaded and without ammunition.
Following an investigation, the License Division revoked petitioner’s license by letter dated December 1, 2004. Upon petitioner’s request, the License Division scheduled a hearing for January 11, 2006.* Hearing Officer Arlynne Lowell (H.O. Lowell) presided over the hearing, and petitioner and Investigator Patsy Brewster both testified. On January 13, 2006, H.O. Lowell notified petitioner it misinterpreted 18 USC § 926 during the January 11, 2006 hearing, and that a second hearing would be required. Commonly known as the Firearm Owners’ Protection Act, 18 USC § 926A provides:
“Notwithstanding any other provision of any law or any rule or regulation of a State or any political subdivision thereof, any person who is not otherwise prohibited by this chapter from transporting, ship *810 ping, or receiving a firearm shall be entitled to transport a firearm for any lawful purpose from any place where he may lawfully possess and carry such firearm to any other place where he may lawfully possess and carry such firearm if, during such transportation the firearm is unloaded, and neither the firearm nor any ammunition being transported is readily accessible or is directly accessible from the passenger compartment of such transporting vehicle: Provided, That in the case of a vehicle without a compartment separate from the driver’s compartment the firearm or ammunition shall be contained in a locked container other than the glove compartment or console.” (Emphasis added.)
Following the second hearing in March 2006, H.O. Lowell recommended that petitioner’s pistol license remain revoked. On May 17, 2006, the License Division agreed, informing petitioner by letter of the same. On September 19, 2006, petitioner commenced this article 78 proceeding. He asserts that the reasoning underlying the final agency action was arbitrary and capricious, and in violation of 18 USC § 926A.
Discussion
CPLR 7804 (g) requires this court to transfer to the Appellate Division any article 78 case where there is an issue raised of substantial evidence, as specified in CPLR 7803 (4). (See Matter of Al Turi Landfill v New York State Dept. of Envtl. Conservation, 98 NY2d 758 [2002].) It is well settled that possessing a handgun license in New York is a privilege rather than a right (Sewell v City of New York, 182 AD2d 469 [1st Dept 1992]), and it is therefore unnecessary to furnish a quasi-judicial or formal adversarial hearing before revoking a pistol license (Matter of Burke v Colabella, 113 AD2d 794 [2d Dept 1985]).
“Accordingly, no question of substantial evidence is properly raised in a proceeding to review the revocation of a pistol license, and it is not appropriate to transfer the matter to the Appellate Division.” (Matter of Shapiro v New York City Police Dept. [License Div.], 157 Misc 2d 28, 32 [Sup Ct, NY County 1993].) Moreover, in the case at bar, there is no substantial evidence question as there is no disagreement on the facts. The only issue is whether H.O. Lowell’s interpretation of the Firearm Owners’ Protection Act is correct. Thus, this court rejects respondent’s argument that this case should be transferred to the Appellate Division for a substantial evidence analysis.
*811 Respondent argues that petitioner’s premises resident license did not authorize him to “carry” a handgun in New York, and thus the federal statute does not apply. It states that he used poor judgment in carrying his pistol to Nevada because he never received a definitive answer from it as to whether or not he was permitted to do so. Respondent contends that this error in judgment, combined with his two previous incidents, was a rational reason to deny his license.
As opposed to some other states, New York requires a specific carry license for both the open and concealed carrying of firearms. (See Bach v Pataki, 408 F3d 75 [2d Cir 2005].) On the other hand, New York law permits holders of a premises resident pistol license to transport a handgun in a locked container to and from small arms ranges/shooting clubs and specified hunting locations. (38 RCNY 5-23 [a] [l]-[4].) Thus, although named a “premise” license, it allows for transportation of handguns under some circumstances.
The question is the definition of the word “carry” under the Firearm Owners’ Protection Act. 18 USC § 921 unfortunately does not provide a definition. In Muscarello v United States (524 US 125 [1998]), the Supreme Court held that although the word “transport” is a broader category that includes the word “carry,” the word “carry” should not be construed so narrowly as to undercut the statute’s basic objective. “[I]n the words of its sponsor, [section 926A] ‘confers upon all law-abiding citizens a right to transport their firearms in a safe manner in interstate commerce.’ ” (City of Camden v Beretta U.S.A. Corp., 81 F Supp 2d 541 [D NJ 2000], quoting 131 Cong Rec S9101-05 [July 9, 1985 (statement of Sen. Hatch)].)
18 USC § 927 explicitly states that the Firearm Owners’ Protection Act is intended to coexist with state laws affecting firearms “unless there is a direct and positive conflict between such provision and the law of the State so that the two cannot be reconciled or consistently stand together.” Based on the Supreme Court’s direction and the intent of the Act’s sponsor, this court holds that the definition of “carry” under the Firearm Owners’ Protection Act includes the transportation of handguns permitted for premises license holders in New York.
Administrative agencies enjoy broad discretionary power when determining matters they are empowered to decide. This court cannot substitute its own judgment, even if it might have reached a different conclusion on the evidence. (See Matter of Mid-State Mgt. Corp. v New York City Conciliation & Appeals Bd., 112 AD2d 72 [1st Dept 1985], affd 66 NY2d 1032 [1985].)
*812 However, it is also settled law that while a New York handgun license is a privilege and may be revoked at any time, the License Division must act rationally, and free from arbitrariness and capriciousness. (See Matter of Sheriff v Codd, 83 Misc 2d 625 [Special Term, Sup Ct, NY County 1975].) Since this court has concluded that the License Division misinterpreted the definition of “carry” under Firearm Owners’ Protection Act, the petition is granted in its entirety.
Accordingly, it hereby is adjudged that the petition is granted; and it further is ordered that respondent’s determination to revoke petitioner’s premises resident pistol license is annulled and respondent is directed to restore petitioner’s license pursuant to Penal Law § 400.00.

 The License Division originally scheduled a hearing for May 10, 2005, but rescheduled it following petitioner’s request.