OPINION OF THE COURT
David Otis Fuller, Jr., J.
*670 The defendant is charged with criminal possession of a weapon in the fourth degree in violation of Penal Law § 265.01, a class A misdemeanor, for allegedly possessing a Bersa .380 calibre semi-automatic firearm in the trunk of his car on March 31, 2007 in the Village of Tuckahoe.
He has moved to dismiss the charge on the ground that his possession of the firearm in New York was lawful under 18 USC § 926A despite New York’s requirement of a permit.
18 USC § 926A reads as follows:
“Interstate transportation of firearms “Notwithstanding any other provision of any law or any rule or regulation of a State or any political subdivision thereof, any person who is not otherwise prohibited by this chapter from transporting, shipping, or receiving a firearm shall be entitled to transport a firearm for any lawful purpose from any place where he may lawfully possess and carry such firearm to any other place where he may lawfully possess and carry such firearm if, during such transportation the firearm is unloaded, and neither the firearm nor any ammunition being transported is readily accessible or is directly accessible from the passenger compartment of such transporting vehicle: Provided, That in the case of a vehicle without a compartment separate from the driver’s compartment the firearm or ammunition shall be contained in a locked container other than the glove compartment or console.”
Although New York may have more stringent firearm standards than those of some other states, Congress has provided relief from those standards under certain conditions. 18 USC § 926A allows law-abiding citizens to transport firearms that are legal in their state and the state of destination. (See 132 Cong Rec S5358-04 [May 6, 1986].) Fundamental to the defense is the firearm owner’s actually engaging in travel, or acts incidental to travel, through the state of arrest, such as stopping for food or gasoline or picking up passengers or packages for the trip. Any pause in the journey must be directly incident to it. Although no New York decision was found that spoke to this requirement, it is explained in 56 Journal of the Missouri Bar 110 (2000) and 94 CJS, Weapons § 23. The defense is lost if the owner stops for reasons not directly related to his trip, such as a stay with his girlfriend (see State v Baker, 639 SW2d 617 [Mo App, SD 1982]), or for business unrelated to the trip. (See Birch v Texas, 948 SW2d 880 [Tex App, San Antonio 1997].)
*671 Since the statute suspends the operation of a state’s penal law, it should be strictly construed. Any activity by the owner in the state passed through for a purpose unrelated to accomplishing the passage forfeits the protection of the federal law.
This defendant, through his motion, admitted that he was traveling from Florida (where the firearm was assertedly lawful) to Scarsdale, New York, to visit a client. He would then continue to Massachusetts (where he was also apparently allowed to possess the firearm). According to defendant’s motion papers, the stop in Scarsdale was not required to fulfill his journey. The purpose was to “do some paperwork with his client.” (Defense counsel affirmation at 2.)
Because the defendant was not solely engaged in acts incidental to travel through New York, but was stopping for another purpose, he is not entitled to the defense provided by 18 USC § 926A. His motion to dismiss is therefore denied.