■ In the Matter of DAVID BEACH, Respondent, v RAYMOND KELLY, as Statutorily Designated Handgun Licensing Officer and as Police Commissioner of the City of New York, Appellant. [860 NYS2d 112]—

Judgment, Supreme Court, New York County (Jane S. Solomon, J.), entered May 30, 2007, annulling respondent's revocation of petitioner's pistol license and directing reinstatement of the license, unanimously reversed, on the law, without costs, the petition denied, respondent's determination reinstated and confirmed, and the proceeding dismissed.

Petitioner held a premises residence pistol permit that had been suspended on two prior occasions for violation of the license terms. This time, he took his handgun to Nevada to attend a gun convention, even though the license permitted him

to carry the firearm only to small arms ranges/shooting clubs and authorized hunting areas.

Petitioner argues that notwithstanding any other provision of law, rule or regulation of any state, the Firearm Owners' Protection Act (FOPA) (18 USC § 926A) permits the transportation of firearms for any lawful purpose between two places where an individual may "lawfully possess and carry" the firearm. Since he was permitted to carry his gun in New York and held a license to carry a firearm in Nevada, he asserts the agency's determination was arbitrary and capricious.

Possession of a handgun is a privilege, not a right, and is subject to the broad discretion of the New York City Police Commissioner (*Matter of Papaioannou v Kelly*, 14 AD3d 459 [2005]). The power to issue a license for such purpose necessarily and inherently includes the authority to impose conditions and restrictions (*People v Thompson*, 92 NY2d 957, 959 [1998]). The fact that it was lawful for him to carry his firearm to a small arms range/shooting club or designated hunting area is beside the point. Petitioner violated the terms of his premises residence license when he carried his firearm to and from the airport for his trip to Nevada.

It is not necessary to permit holders of premises residence firearms licenses to transport guns to another state in order to harmonize the law of this State with the provisions of FOPA. Section 926A permits a licensee, in certain circumstances, to transport a firearm "from any place where he may lawfully possess and carry such firearm to any other place where he may lawfully possess and carry such firearm." Where the licensee is not permitted by the terms of the license to lawfully carry the firearm at the time he embarks on a trip to another state, FOPA is inapplicable.

Moreover, petitioner testified at the administrative hearing that he had been informed by personnel of the License Division that he was not permitted to take his gun to Nevada without written permission from the Division. He chose to disregard this advice and follow his own interpretation of the law. The agency's determination that petitioner violated the terms of his premises residence firearms license was not arbitrary and capricious. Concur—Saxe, J.P., Nardelli, Moskowitz, Acosta and DeGrasse, JJ. [*See* 16 Misc 3d 807.]