■ In the Matter of SHAHIN KHOSHNEVISS, Appellant, v PROPERTY CLERK OF NEW YORK CITY POLICE DEPARTMENT, Respondent. [1 NYS3d 122]—

In a proceeding pursuant to CPLR article 78 to compel the respondent to return a firearm and magazine clip seized from the petitioner, the petitioner appeals from (1) a decision of the Supreme Court, Queens County (Kitzes, J.), dated February 2, 2010, and (2) a judgment of the same court dated February 22, 2012, which, upon the decision, inter alia, denied the petition and dismissed the proceeding.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

A proceeding pursuant to CPLR article 78 may properly lie to compel the return of property, other than contraband (*see Matter of Moss v Spitzer*, 19 AD3d 599, 600 [2005]). Here, although the petitioner alleges that he legally purchased and possessed the subject firearm in California, the petitioner did not have a license to possess a firearm in New York. Therefore, the firearm and accompanying magazine clip that were seized from the petitioner's possession were contraband, and he was not entitled to their return (*see* 38 RCNY 12-35 [b]; Penal Law §§ 265.01 [7]; 265.20 [c] [3]; 400.00; *Best Sound & Sec., Inc. v New York City Police Dept.*, 16 AD3d 528, 531-532 [2005]; *Matter of Sea Lar Trading Co. v Michael*, 94 AD2d 309, 315-316 [1983]; *Sullivan v Grupposo*, 77 Misc 2d 833, 835 [Civ Ct, Bronx County 1974]; *see also United States v Farrell*, 606 F2d 1341, 1344 [DC Cir 1979].

Under the circumstances of this case, the Supreme Court correctly determined that the Firearm Owners' Protection Act (18 USC § 926A) was not applicable. "Section 926A permits a licensee, in certain circumstances, to transport a firearm 'from any place where he may lawfully possess and carry such firearm to any other place where he may lawfully possess and carry such firearm' " (*Matter of Beach v Kelly*, 52 AD3d 436, 437 [2008], quoting 18 USC § 926A). The firearm owner must be actually engaging in travel or acts incidental to travel (*see People v Selyukov*, 19 Misc 3d 669, 670 [Tuckahoe Just Ct 2008]; *see also People v Guisti*, 30 Misc 3d 1229[A], 2011 NY Slip Op 50269[U] [Crim Ct, NY County 2011]), and during the transportation, the weapon and ammunition must not be readily accessible (*see Revell v Port Auth. of N.Y., N.J.*, 598 F3d 128, 137 [3d Cir 2010]). Here, the petitioner failed to establish that he was only engaged in travel through New York so as to invoke the protection of section 926A (*see People v Guisti*, 30 Misc 3d 1229[A], 2011 NY Slip Op 50269[U], *3 [2011]; *People v Selyukov*, 19 Misc 3d at 670-671; *see also Revell v Port Auth. of N.Y., N.J.*, 598 F3d at 130; *Matter of Beach v Kelly*, 52 AD3d at 436).

The petitioner's remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Mastro, J.P., Roman, Miller and Maltese, JJ., concur.