People v Copp (2021 NY Slip Op 03081)





People v Copp


2021 NY Slip Op 03081


Decided on May 13, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 13, 2021

110590
[*1]The People of the State of New York, Respondent,
v
Jammy L. Copp, Appellant.

Calendar Date:April 16, 2021

Before:Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ.

James A. Bartosik Jr., Glenmont, for appellant.
Michael A. Korchak, District Attorney, Binghamton (Rita M. Basile of counsel), for respondent.



Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered June 21, 2018, convicting defendant upon his plea of guilty of the crime of rape in the second degree.
Pursuant to a plea agreement, defendant pleaded guilty to a superior court information charging him with rape in the second degree and purportedly waived his right to appeal. The People recommended in return that defendant, a second felony offender, be sentenced to three years in prison to be followed by 15 years of postrelease supervision. County Court granted defendant's request for a brief furlough at the conclusion of the plea proceeding, but warned that he was required to appear the following Monday morning and that, if he did not, it could and would sentence him to seven years in prison and 15 years of postrelease supervision. Defendant did not appear, and a bench warrant was issued for his arrest. Following his apprehension, County Court imposed the promised enhanced sentence.
Defendant appeals, acknowledging that an enhanced sentence was appropriate and arguing solely that the one imposed was harsh and excessive. As "County Court advised defendant of the specific conditions that he had to abide by and the consequences of violating those plea conditions," that argument is precluded by his unchallenged appeal waiver (People v Golden, 171 AD3d 1357, 1358 [2019]; see People v Gentry, 172 AD3d 1526, 1528 [2019]; compare People v Covell, 276 AD2d 824, 826 [2000]). Our review of the record, in any event, "reveals neither an abuse of discretion by County Court nor the existence of extraordinary circumstances warranting a reduction of the sentence in the interest of justice" (People v Favor, 49 AD3d 915, 916 [2008]). Thus, we affirm.
Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.