People v Deans (2022 NY Slip Op 00696)





People v Deans


2022 NY Slip Op 00696


Decided on February 3, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 3, 2022

111077
[*1]The People of the State of New York, Respondent,
v
Shayquan Deans, Appellant.

Calendar Date:January 6, 2022

Before:Garry, P.J., Clark, Aarons and Colangelo, JJ.

John B. Casey, Cohoes, for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.



Aarons, J.
Appeal from a judgment of the Supreme Court (Breslin, J.), rendered January 11, 2019 in Albany County, convicting defendant upon his plea of guilty of the crimes of attempted assault in the first degree and criminal possession of a weapon in the second degree.
Defendant was charged in a two-count indictment with attempted assault in the first degree and criminal possession of a weapon in the second degree. Defendant pleaded guilty as charged and waived the right to appeal. Supreme Court sentenced defendant to concurrent prison terms of 10 years, to be followed by five years of postrelease supervision. Defendant appeals.
We affirm. Even if defendant's claim of ineffective assistance of counsel and his challenge to the denial by County Court (Carter, J.) of his request for new counsel affect the voluntariness of his plea and, therefore, survive his unchallenged appeal waiver, they are unpreserved for our review as the record does not reflect that he made an appropriate postallocution motion (see People v Avera, 192 AD3d 1382, 1382-1383 [2021], lv denied 37 NY3d 953 [2021]; People v Rolfe, 83 AD3d 1219, 1220 [2011], lv denied 17 NY3d 809 [2011]). In any event, were they properly before us, we would find that they are without merit (see People v Smith, 18 NY3d 588, 593 [2012]; People v Toledo, 144 AD3d 1332, 1334 [2016], lv denied 29 NY3d 1001 [2017]). Finally, defendant's remaining contention, that his sentence is harsh and excessive, is precluded by his unchallenged appeal waiver (see People v Brown, 197 AD3d 1440, 1440 [2021]; People v Carter, 190 AD3d 1161, 1161 [2021]).
Garry, P.J., Clark and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.