People v Silva (2022 NY Slip Op 03285)





People v Silva


2022 NY Slip Op 03285


Decided on May 19, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 19, 2022

112172
[*1]The People of the State of New York, Respondent,
v
Steven M. Silva, Appellant.

Calendar Date:April 25, 2022

Before:Garry, P.J., Aarons, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

Barrett D. Mack, Albany, for appellant.
Michael D. Korchak, District Attorney (Rita M. Basile of counsel), for respondent.



Aarons, J.
Appeal from a judgment of the County Court of Broome County (Dooley, J.), rendered September 27, 2019, convicting defendant upon his plea of guilty of the crime of rape in the second degree.
Defendant was discovered having sexual intercourse with the 14-year-old victim and was thereafter charged with four counts of rape in the second degree and three counts of criminal sexual act in the second degree. Defendant ultimately pleaded guilty to one count of rape in the second degree and waived his right to appeal. In accordance with the plea agreement, defendant was sentenced to four years of incarceration to be followed by 10 years of postrelease supervision. Defendant appeals.
We affirm. Defendant's challenge to his sentence is foreclosed by his unchallenged appeal waiver (see People v Agueda, 202 AD3d 1153, 1154 [2022]; People v Hines, 200 AD3d 1217, 1218 [2021], lvs denied 38 NY3d 928, 931 [2022]). Further, although defendant's challenge to the voluntariness of his plea survives his uncontested appeal waiver (see People v Jean-Pierre, 203 AD3d 1226, 1228 [2022]; People v Agueda, 202 AD3d at 1154), this challenge is unpreserved because defendant did not make an appropriate postallocution motion (see People v Pompey, 203 AD3d 1411, 1412 [2022], lv denied ___ NY3d ___ [Apr. 28, 2022]; People v Williams, 203 AD3d 1398, 1399 [2022]; People v Jackson, 2022 NY Slip Op 01841, *1 [2022]). The narrow exception to the preservation requirement does not apply, given that "defendant did not make any statements during the plea colloquy that were inconsistent with his guilt, negated an essential element of the charged crime or otherwise called into question the voluntariness of his plea" (People v Pompey, 203 AD3d at 1412). Finally, defendant's contention that he received the ineffective assistance of counsel survives his appeal waiver to the extent that it impacts upon the voluntariness of his plea, but is similarly unpreserved in the absence of an appropriate postallocution motion (see People v Rollins, 203 AD3d 1386, 1387 [2022]).
Garry, P.J., Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.