People v DeJesus (2022 NY Slip Op 06291)

People v DeJesus

2022 NY Slip Op 06291

Decided on November 10, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 10, 2022

110954
[*1]The People of the State of New York, Respondent,
v
Luis DeJesus, Appellant.

Calendar Date:October 19, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Barrett D. Mack, Albany, for appellant.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the County Court of Albany County (Peter A. Lynch, J.), rendered April 15, 2018, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.
In August 2017 defendant and a codefendant were charged in a five-count superseding indictment with two counts of robbery in the first degree, robbery in the second degree and two counts of burglary in the first degree based upon allegations that they, with another, forcibly broke into the victims' home and stole certain property. In satisfaction of the foregoing, as well as unindicted charges stemming from a subsequent arrest, defendant pleaded guilty to count 2, robbery in the first degree, and waived his right to appeal. County Court sentenced defendant, in accord with the terms of the plea agreement, to a prison term of 12 years to be followed by five years of postrelease supervision. Defendant appeals. We affirm.
Despite indicating that he wished to withdraw his plea as a result of the length of the bargained for sentence, upon conferring with counsel, defendant did not do so. Thus, while defendant's attack on the voluntariness of his plea survives his unchallenged appeal waiver, it is unpreserved for our review given his failure to make an appropriate postallocution motion despite the opportunity to do so (see People v Reese, 206 AD3d 1461, 1463 [3d Dept 2022]; People v Parkinson, 199 AD3d 1243, 1243 [3d Dept 2021], lv denied 37 NY3d 1163 [2022]). The narrow exception to the preservation requirement does not apply here as "defendant did not make any statements during the plea colloquy [or at sentencing] that were inconsistent with his guilt, negated an essential element of the charged crime or otherwise called into question the voluntariness of his plea" (People v Silva, 205 AD3d 1226, 1227 [3d Dept 2022] [internal quotation marks and citation omitted], lv denied 38 NY3d 1074 [2022]). Moreover, defendant's postplea claim of innocence, articulated during his presentence investigation interview, "did not obligate County Court to conduct a further inquiry" (People v Duckett, 205 AD3d 1229, 1230 [3d Dept 2022]; see People v Bailey, 158 AD3d 948, 949 [3d Dept 2018]).
Defendant's challenge to the severity of his sentence is foreclosed by his unchallenged appeal waiver (see People v Agueda, 202 AD3d 1153, 1154 [3d Dept 2022], lv denied 38 NY3d 1031 [2022]). To the extent that defendant's claim that he received ineffective assistance of counsel impacts the voluntariness of his plea, such claim survives his appeal waiver but is similarly unpreserved in light of his failure to make an appropriate postallocution motion (see People v Lende, 204 AD3d 1224, 1225 [3d Dept 2022], lv denied 38 NY3d 1151 [2022]; People v Deans, 202 AD3d 1161, 1161-1162 [3d Dept 2022]). Defendant's pro se contention that the People have failed to abide by their promise to return certain property at the close of codefendant's case is more properly the subject of a CPLR article [*2]78 proceeding seeking the return of such property (see generally Matter of Khoshneviss v Property Clerk of N.Y. City Police Dept., 123 AD3d 929, 929 [2d Dept 2014], lv denied 25 NY3d 903 [2015]; Matter of James v Cattaraugus County, 101 AD3d 1674, 1674-1675 [4th Dept 2012]) and his related contention that this failure impacted the voluntariness of his plea is unpreserved (see People v Reese, 206 AD3d at 1462). We have reviewed defendant's remaining contentions and find them to be lacking in merit.
Egan Jr., J.P., Clark, Pritzker and Ceresia, JJ., concur.
ordered that the judgment is affirmed.