People v Rodriguez (2023 NY Slip Op 02910)

People v Rodriguez

2023 NY Slip Op 02910

Decided on June 1, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 1, 2023

112995B
[*1]The People of the State of New York, Respondent,
v
Michael Rodriguez, Appellant.

Calendar Date:April 27, 2023

Before:Garry, P.J., Aarons, Pritzker, Ceresia and Fisher, JJ.

Donnial K. Hinds, Albany, for appellant.
P. David Soares, District Attorney, Albany (Daniel J. Young of counsel), for respondent.

Fisher, J.
Appeal from a judgment of the County Court of Albany County (William A. Carter, J.), rendered March 30, 2021, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.
Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with one count of attempted criminal possession of a controlled substance in the third degree, with the understanding that he would be sentenced to a prison term of 1½ years followed by two years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty to the charged crime, and County Court sentenced defendant to the agreed-upon term of imprisonment and, with the People's consent, reduced the period of postrelease supervision to 1½ years. This appeal ensued.
Initially, we reject defendant's assertion that his waiver of the right to appeal is invalid. County Court explained that the waiver was separate and distinct from the trial-related rights that defendant would be forfeiting by pleading guilty and expressly delineated examples of issues that would survive the appeal waiver (see People v Ferretti, 209 AD3d 1173, 1173 [3d Dept 2022]; People v LaPage, 207 AD3d 950, 951 [3d Dept 2022]). Upon reviewing the plea transcript, we are satisfied that County Court's oral waiver colloquy both cured the deficiencies in the written waiver executed by defendant and made clear the distinction that some appellate review nonetheless survived (compare People v Rodriguez, 206 AD3d 1383, 1384 [3d Dept 2022]; People v Lilliard, 206 AD3d 1241, 1242 [3d Dept 2022]). As the record reflects that defendant understood the nature and ramifications of the right being relinquished, we find that defendant's appeal waiver is valid. Accordingly, defendant's challenge to the severity of his sentence is precluded (see People v Ashley, 211 AD3d 1174, 1174 [3d Dept 2022]).
Defendant's ineffective assistance of counsel claim, to the extent that it impacts upon the voluntariness of his plea, survives his valid appeal waiver but is unpreserved for our review in the absence of an appropriate postallocution motion (see People v DeJesus, 210 AD3d 1195, 1196 [3d Dept 2022], lv denied 39 NY3d 985 [2022]; People v Silva, 205 AD3d 1226, 1227 [3d Dept 2022], lv denied 38 NY3d 1074 [2022]).[FN1] The narrow exception to the preservation requirement was not triggered as defendant did not make any statements that negated an element of the charged crime, were inconsistent with his guilt or otherwise called into question the voluntariness of his plea (see People v Silva, 205 AD3d at 1227; People v Agueda, 202 AD3d 1153, 1154 [3d Dept 2022], lv denied 38 NY3d 1031 [2022]). Lastly, our review of the record does not reveal any evidence of a condition or issue that impaired defendant's ability to understand the plea proceeding and/or triggered a need for further inquiry by County Court (see [*2]People v Crampton, 201 AD3d 1020, 1022 [3d Dept 2022], lv denied 37 NY3d 1160 [2022]). Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit. Accordingly, the judgment of conviction is affirmed.
Garry, P.J., Aarons, Pritzker and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Although defendant faults counsel for failing to pursue defendant's possible participation in a judicial diversion program, this claim does not impact upon the voluntariness of defendant's plea (see People v Steele, 181 AD3d 972, 973 [3d Dept 2020]) and, in any event, is unpreserved for our review (see People v Driscoll, 147 AD3d 1157, 1158 [3d Dept 2017], lv denied 29 NY3d 1078 [2017]).