People v Penk (2023 NY Slip Op 05013)

People v Penk

2023 NY Slip Op 05013

Decided on October 5, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 5, 2023

112291
[*1]The People of the State of New York, Respondent,
v
Joseph Penk Jr., Also Known as J, Appellant.

Calendar Date:September 7, 2023

Before:Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and Powers, JJ.

Todd G. Monahan, Schenectady, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Powers, J.
Appeal from a judgment of the Supreme Court (Kathleen B. Hogan, J.), rendered January 3, 2020 in Schenectady County, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
Defendant was indicted and charged with two counts of criminal sale of a controlled substance in the third degree, five counts of criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree. In full satisfaction of that indictment and other charges pending in a local criminal court, defendant agreed to plead guilty to one count of criminal sale of a controlled substance in the third degree with the understanding that he would be sentenced to a prison term of 4½ years followed by two years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement, and Supreme Court imposed the agreed-upon sentence. This appeal ensued.[FN1]
Defendant's sole argument upon appeal is that he was denied the effective assistance of counsel. To the extent that such claim impacts upon the voluntariness of his plea, it survives defendant's appeal waiver — regardless of its validity — but is unpreserved for our review, as the record reflects that defendant did not move to withdraw his plea, despite having ample opportunity to do so prior to sentencing (see People v Faublas, 216 AD3d 1358, 1359 [2023], lv denied 40 NY3d 934 [2023]; People v Rubert, 206 AD3d 1378, 1380 [3d Dept 2022], lv denied 39 NY3d 942 [2022] People v Crossley, 191 AD3d 1046, 1047 [3d Dept 2021], lv denied 37 NY3d 991 [2021]). The narrow exception to the preservation requirement is inapplicable, as defendant did not make any statements either during the course of the plea colloquy or at sentencing that were inconsistent with his guilt, negated an element of the charged crime or otherwise called into question the voluntariness of his plea (see People v Loya, 215 AD3d 1181, 1183 [3d Dept 2023], lv denied 40 NY3d 929 [2023]; People v West, 210 AD3d 1194, 1195 [3d Dept 2022], lv denied 39 NY3d 1080 [2023]; People v Wood, 203 AD3d 1406, 1406-1407 [3d Dept 2022], lv denied 38 NY3d 1075 [2022]). In any event, the crux of defendant's claim — that retained counsel assured him that he would be eligible for and permitted to participate in a drug court treatment program — involves matters outside of the record that, in turn, were raised, considered and rejected in the context of defendant's postconviction motion. Accordingly, the judgment of conviction is affirmed.
Garry, P.J., Lynch, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Defendant's motion to vacate the judgment of conviction pursuant to CPL 440.10 was denied in October 2022, and defendant's subsequent motion seeking permission to appeal from the resulting order was denied by a Justice of this Court.