People v McKown (2024 NY Slip Op 01357)

People v McKown

2024 NY Slip Op 01357

Decided on March 14, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 14, 2024

113251 CR-22-2335
[*1]The People of the State of New York, Respondent,
v
Sean McKown, Appellant.

Calendar Date:February 14, 2024

Before:Egan Jr., J.P., Aarons, Pritzker, McShan and Mackey, JJ.

LaMarche Safranko Law PLLC, Cohoes (Joshua R. Friedman of counsel), for appellant.
Kristy L. Sprague, District Attorney, Elizabethtown (Kevin P. Mallery of counsel), for respondent.

Aarons, J.
Appeals (1) from a judgment of the County Court of Essex County (Richard B. Meyer, J.), rendered December 22, 2021, convicting defendant upon his plea of guilty of the crimes of falsely reporting an incident in the third degree and illegal discharge of a firearm, and (2) by permission, from an order of said court, entered November 18, 2022, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
Defendant, a retired police officer, was indicted and charged with prohibited use of weapons, two counts of falsely reporting an incident in the third degree and illegal discharge of a firearm. The charges stemmed from an incident wherein defendant, while allegedly intoxicated, discharged his service weapon outside of his camp and thereafter provided inconsistent accounts of the incident to responding law enforcement officers. In full satisfaction of that indictment, defendant agreed to plead guilty to one count of falsely reporting an incident and illegal discharge of a firearm with the understanding that, although the People recommended that he be sentenced to a period of interim probation, County Court would be making no sentencing commitment. Defendant pleaded guilty to the subject crimes, and County Court thereafter sentenced defendant upon his conviction of illegal discharge of a firearm to 90 days in jail and to a concurrent term of probation upon the remaining charge. Defendant's subsequent motion to vacate the judgment of conviction pursuant to CPL 440.10 was denied without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the order denying his postconviction motion.
We affirm. Defendant sought postconviction relief under CPL 440.10 (1) (b) and (h), alleging that County Court based its sentence upon consideration of extrajudicial materials and, in so doing, denied defendant due process. Defendant also attempted in the context of that motion to move to withdraw his plea, contending that it was premised upon an unfulfilled promise, i.e., County Court's representations regarding its consideration of the People's sentencing recommendation and the materials that the court would review in determining an appropriate sentence.
First, consistent with the provisions of CPL 440.10 (2) (b), "a court must deny a motion to vacate a judgment of conviction where the judgment is, at the time of the motion, appealable or pending on appeal, and sufficient facts appear on the record with respect to the ground or issue raised upon the motion to permit adequate review thereof upon such an appeal" (People v Drayton, 189 AD3d 1888, 1891 [3d Dept 2020] [internal quotation marks, brackets and citation omitted], lv denied 36 NY3d 1119 [2021]; see People v Spradlin, 188 AD3d 1454, 1460 [3d Dept 2020], lv denied 37 NY3d 960 [2021]). Having reviewed the record before us, sufficient facts appear on the record to resolve the merits of defendant's claims in the context of his direct appeal[*2]. Upon that basis alone, County Court properly denied defendant's postconviction motion.
That said, and regardless of the context in which defendant's claims are addressed, his arguments fail on the merits. Prior to pleading guilty, defendant was apprised — orally and in writing — that, although County Court would give the People's recommended sentence of interim probation "considerable weight," the court was "not bound by that recommendation," that "no commitment [would] be made thereto," that it "retain[ed] the right to exercise [its] own independent judgment" in determining the appropriate sentence to be imposed and that such determination would be "based upon all available information," including, among other things, the grand jury minutes, the elements of the offenses to which defendant would be pleading guilty, the information contained in the presentence investigation report and any additional information submitted by defendant or the People. County Court also informed defendant at the start of the plea colloquy of the maximum sentences that could be imposed for his misdemeanor convictions and of the possibility that such sentences could run consecutively. Hence, defendant was aware — both prior to pleading guilty and well in advance of the sentencing proceeding — that County Court had not committed to any particular sentence.
More to the point, defendant also was well aware of the very materials that County Court would review prior to imposing sentence — specifically, as relevant here, the grand jury minutes. Upon reviewing the grand jury minutes, the presentence investigation report and the record as a whole, including defendant's inconsistent statements to law enforcement at the time of the incident, the sentence imposed by County Court was not based upon misinformation or the court's consideration of unspecified extrajudicial materials but, rather, upon the facts appearing on the face of the record and the reasonable inferences to be drawn therefrom. Accordingly, defendant's primary claim — that County Court sentenced defendant based upon erroneous and/or extrajudicial information — is without merit.
As for defendant's challenge to the voluntariness of his plea, this argument is unpreserved for our review as defendant did not move to withdraw his plea — despite having ample opportunity to do so prior to sentencing (see People v Dunbar, 218 AD3d 931, 932 [3d Dept 2023], lv denied 40 NY3d 950 [2023]; People v Jackson, 203 AD3d 1388, 1389 [3d Dept 2022], lv denied 38 NY3d 1134 [2022]). The narrow exception to the preservation rule does not apply (see People v Penk, 220 AD3d 990, 991 [3d Dept 2023]), and defendant's postconviction motion is not, under the circumstances presented here, an appropriate vehicle to challenge the voluntariness of his plea. Defendant's remaining contentions have been examined and found to be lacking in merit.
Egan Jr., J.P., Pritzker, McShan and Mackey, JJ., concur.
ORDERED that the judgment and the order are [*3]affirmed, and matter remitted to the County Court of Essex County for further proceedings pursuant to CPL 460.50 (5).