People v Mehalick (2024 NY Slip Op 02231)

People v Mehalick

2024 NY Slip Op 02231

Decided on April 25, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 25, 2024

113291
[*1]The People of the State of New York, Respondent,
v
Charles J. Mehalick, Appellant.

Calendar Date:March 26, 2024

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, McShan and Mackey, JJ.

Hug Law, PLLC, Albany (Matthew C. Hug of counsel), for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.

Aarons, J.
Appeal from a judgment of the County Court of Washington County (Kelly S. McKeighan, J.), rendered September 17, 2021, convicting defendant upon his plea of guilty of the crime of assault in the second degree.
In March 2021, defendant was indicted and charged with criminal sale of a controlled substance in the third degree, attempted assault in the first degree and assault in the second degree. Counsel was assigned at arraignment, and defendant was released on bond and placed on house arrest. Defendant subsequently retained new counsel, and the People offered to allow defendant to plead guilty — in full satisfaction of the indictment — to assault in the second degree with the understanding that defendant would be sentenced to a prison term of three years followed by five years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. The matter was adjourned for two weeks to afford defendant time to consider the offer.
When the parties reappeared on the adjourned date, defense counsel sought to withdraw, indicating that defendant was dissatisfied with counsel's services and advising County Court of defendant's intent to hire a new attorney. County Court denied counsel's request pending defendant hiring a new attorney and scheduled a pretrial conference. Following various adjournments and defendant's failed attempt to retain new counsel, defendant indicated that he was satisfied with defense counsel's services, had been afforded sufficient time to confer with counsel and wished to accept the People's plea offer. After defendant pleaded guilty in conformity with the plea agreement, County Court reminded defendant that there was a Parker warning on file and expressly advised defendant that, should he fail to appear for sentencing, the court would not be bound by its sentencing commitment, could proceed without defendant and could sentence him to up to seven years in prison. Counsel's request for the removal of defendant's ankle monitor was denied based upon defendant's previous noncompliance, and the matter was adjourned for sentencing. One week prior to the scheduled sentencing date, defendant cut off his ankle monitor and absconded. After being apprised of defense counsel's and law enforcement's respective attempts to locate defendant in the interim, County Court sentenced defendant in absentia to a prison term of seven years followed by five years of postrelease supervision. This appeal ensued.
We affirm. Defendant contends that County Court — aware of defendant's desire to obtain another attorney — erred in accepting his plea without first assigning him new counsel, thereby rendering defendant's guilty plea involuntary. Even assuming that defendant did not abandon this argument when he elected "to plead guilty while still being represented by the same attorney, this argument is unpreserved for our review absent a motion to withdraw his plea" (People v Crampton, 201 AD3d 1020, 1022 [3d Dept 2022] [internal [*2]quotation marks and citations omitted], lv denied 37 NY3d 1160 [2022]; see People v See, 206 AD3d 1153, 1155 [3d Dept 2022], lv denied 39 NY3d 1075 [2023]; see also People v Duckett, 205 AD3d 1229, 1230 n [3d Dept 2022], lv denied 39 NY3d 939 [2022]). Further, upon reviewing the record, we find that the narrow exception to the preservation requirement was not triggered, as defendant did not make any statements that negated an element of the underlying crime, were inconsistent with his guilt or otherwise called into question the voluntariness of his plea (see People v Penk, 220 AD3d 990, 991 [3d Dept 2023]; People v Rodriguez, 217 AD3d 1012, 1014 [3d Dept 2023]).
As for defendant's claim that County Court erred in sentencing him in absentia, the record reflects that, in addition to executing a Parker warning, defendant was expressly advised by County Court that, should he fail to appear for sentencing, the court could proceed without him, would no longer be bound by its sentencing commitment and could sentence defendant to a prison term of up to seven years (see People v Castro, 170 AD3d 1286, 1287 [3d Dept 2019], lv denied 33 NY3d 1029 [2019]; People v Brown, 101 AD3d 1267, 1268 [3d Dept 2012], lv denied 21 NY3d 1014 [2013], cert denied 571 US 1143 [2014]; People v Haran, 72 AD3d 1289, 1289 [3d Dept 2010]). At the time of sentencing, defense counsel advised County Court that, one week earlier, defendant "had cut off the ankle monitor that he was wearing and had disappeared." Defense counsel indicated that his week-long effort to contact defendant — both directly and through defendant's family — had been unsuccessful, and the People, after apprising the court of law enforcement's attempts to locate defendant, stated that the mobile camper in which defendant was known to be residing had been removed from defendant's last known address. To the extent that defendant faults County Court for sentencing him just one hour after the time set for defendant's appearance (see People v Carter, 51 AD3d 1139, 1141 [3d Dept 2008]), this argument ignores the fact that defendant absconded one week prior to the scheduled sentencing date and that both defense counsel and law enforcement had been actively attempting to locate him in the interim. Similarly, although "[d]efendant criticizes County Court for failing to issue a bench warrant prior to imposing the enhanced sentence, . . . we note that defendant still has failed to offer any excuse for [his] ultimate failure to appear" (People v Castro, 170 AD3d at 1287). Finally, inasmuch as defendant was advised of the consequences of failing to appear for sentencing, his claim that the enhanced sentence imposed is unduly harsh or severe is precluded by his unchallenged waiver of the right to appeal (see People v Copp, 194 AD3d 1194, 1195 [3d Dept 2021]; People v Gentry, 172 AD3d 1526, 1528 [3d Dept 2019]). Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking [*3]in merit.
Clark, J.P., Reynolds Fitzgerald, McShan and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.