People v El-Begearmi (2025 NY Slip Op 01684)

People v El-Begearmi

2025 NY Slip Op 01684

Decided on March 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 20, 2025

CR-24-0051
[*1]The People of the State of New York, Respondent,
v
Sarah R. El-Begearmi, Appellant.

Calendar Date:February 20, 2025

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, Fisher and McShan, JJ.

Donnial K. Hinds, Albany, for appellant.
F. Paul Battisti, District Attorney, Binghamton (Joann Rose Parry of counsel), for respondent.

Fisher, J.
Appeal from a judgment of the County Court of Broome County (Carol Cocchiola, J.), rendered December 7, 2023, convicting defendant upon her plea of guilty of the crime of attempted burglary in the third degree.
In June 2023, defendant was charged in an indictment with burglary in the third degree and criminal possession of stolen property in the fifth degree. Pursuant to a negotiated disposition in full satisfaction of the indictment, defendant waived the right to appeal, both orally and in writing, and pleaded guilty to attempted burglary in the third degree. The plea agreement contemplated that she would be placed on interim probation for six months and, upon successful completion thereof, then be afforded an opportunity to replead to criminal possession of stolen property in the fifth degree with a conditional discharge.[FN1] Defendant was also given Parker warnings and told that if she failed to keep in contact with the probation department or failed to appear for sentencing, the court was not bound by the plea agreement of interim probation. Thereafter, defendant failed to appear for sentencing, a bench warrant was issued for her arrest, and she was soon thereafter taken into custody and remanded. At sentencing in December 2023, defendant did not dispute that she violated the Parker warnings, waived an Outley hearing and acknowledged that County Court was no longer bound by the terms of the plea agreement. The court revoked defendant's interim probation and imposed five years of felony probation. Defendant appeals.
Defendant's claim that she was denied the effective assistance of counsel due to counsel's decision to waive an Outley hearing and corresponding decision to not oppose the imposition of an enhanced sentence is precluded by the unchallenged appeal waiver (see People v Gayle, 221 AD3d 1061, 1063 [3d Dept 2023], lv denied 41 NY3d 1002 [2024]) and also unpreserved for our review (see People v Vivona, 199 AD3d 1165, 1166-1167 [3d Dept 2021]; People v Austin, 141 AD3d 956, 957-958 [3d Dept 2016]; cf. People v Howard, 231 AD3d 1202, 1205 [3d Dept 2024]). Nevertheless, "inasmuch as defendant's contention implicates the motives of counsel that fall outside the record on appeal, it must be raised by way of motion pursuant to CPL article 440" (People v Lafferty, 227 AD3d 1480, 1481 [4th Dept 2024], lv denied 42 NY3d 928 [2024]; see People v Sims, 41 NY3d 995, 996 [2024]).
Although not precluded by the unchallenged appeal waiver regardless of its validity (see People v Larock, 211 AD3d 1234, 1235 [3d Dept 2022]; People v Turner, 158 AD3d 892, 893 [3d Dept 2018]), defendant's contention that County Court abused its discretion in imposing an enhanced sentence is unpreserved (compare People v Lane, 233 AD3d 1207, 1210 [3d Dept 2024]). Inasmuch as County Court advised defendant of the specific conditions that she had to abide by and the consequences of violating the plea conditions, her challenge to the severity of the enhanced sentence is precluded [*2]by her unchallenged appeal waiver (see People v Copp, 194 AD3d 1194, 1195 [3d Dept 2021]; People v Golden, 171 AD3d 1357, 1357-1358 [3d Dept 2019]). We have examined defendant's remaining contentions and have found them to be academic or without merit.
Garry, P.J., Lynch, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: The plea agreement also satisfied a separate and unrelated charge of harassment in the second degree in another county.