People v Morris (2025 NY Slip Op 02107)

People v Morris

2025 NY Slip Op 02107

Decided on April 10, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 10, 2025

CR-23-0153
[*1]The People of the State of New York, Respondent,
v
Quron Morris, Appellant.

Calendar Date:February 10, 2025

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Powers, JJ.

Stephan R. Weiss, Schenectady, for appellant.
Lee C. Kindlon, District Attorney, Albany (Daniel J. Young of counsel), for respondent.

Powers, J.
Appeal from a judgment of the County Court of Albany County (Andra Ackerman, J.), rendered August 17, 2022, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
In July 2021, the Albany Police Department received an anonymous tip regarding an armed man sitting in a vehicle. Acting on the tip, officers approached the vehicle and found defendant with two loaded handguns and various drugs. Defendant was charged, by felony complaint, with two counts of criminal possession of a weapon in the second degree, two counts of criminal possession of a weapon in the third degree, three counts of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree and, by a simplified information, with the violation of drinking alcohol in a motor vehicle on a public highway. In full satisfaction of the foregoing charges, defendant waived indictment and was charged by a superior court information with one count of criminal possession of a weapon in the second degree, to which he pleaded guilty and agreed to waive his right to appeal. Prior to sentencing, defendant moved to withdraw his plea, arguing that he was not made aware of a possible defense and, had he been aware, he would not have pleaded guilty. County Court denied the motion and sentenced defendant, as a second felony offender, to a five-year prison term, to be followed by five years of postrelease supervision, in accordance with the terms of the plea agreement. Defendant appeals.
Initially, we are unpersuaded by defendant's contention that his appeal waiver is invalid. Both the written waiver of appeal and the accompanying oral colloquy highlighted the separate and distinct nature of the right to appeal and clearly set forth that certain issues survived for appellate review (see People v Taylor, 228 AD3d 1144, 1145 [3d Dept 2024], lv denied 42 NY3d 1022 [2024]; People v Joseph, 227 AD3d 1233, 1234-1235 [3d Dept 2024], lv denied 42 NY3d 1053 [2024]). Nevertheless, defendant's contentions implicate the voluntariness of his guilty plea and are, therefore, not precluded by the valid waiver (see People v Elie, 231 AD3d 1200, 1201 n [3d Dept 2024]). Moreover, defendant preserved these claims with his unsuccessful motion to withdraw his guilty plea (compare People v DeJesus, 210 AD3d 1195, 1196 [3d Dept 2022], lv denied 39 NY3d 985 [2022]).
Generally, "[w]hether to permit a defendant to withdraw his or her plea of guilty is left to the sound discretion of County Court, and withdrawal will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement" (People v Graham, 233 AD3d 1085, 1086 [3d Dept 2024] [internal quotation marks and citations omitted]). Defendant argued below that he did not knowingly and intelligently plead guilty because he was not made aware of a possible viable defense prior to pleading guilty.[FN1] This argument is unavailing in [*2]light of defense counsel's confirmation on the record at the plea hearing that he had adequate discovery from the People and enough time to review said discovery and discuss any and all defenses with defendant. Additionally, defendant confirmed during the plea colloquy that he had a full opportunity to discuss all the relevant issues, including defenses, with counsel. Defendant's related argument that County Court erred in failing to hold a hearing regarding his motion is both belied by the record and lacking in merit. "Only in the rare instance will a defendant be entitled to an evidentiary hearing" on a motion to withdraw a guilty plea (People v Beekman, 134 AD3d 1355, 1356 [3d Dept 2015] [internal quotation marks and citations omitted], lv denied 27 NY3d 992 [2016]). Defendant made no request for a hearing in his motion papers, which were expressly upon submission, and rested on these papers on the record prior to the issuance of the court's oral decision denying the motion. Thus, the court did not abuse its discretion by not conducting an evidentiary hearing (see People v Lane, 233 AD3d 1207, 1209 [3d Dept 2024]; People v Peterson, 225 AD3d 1098, 1099 [3d Dept 2024]). Defendant's remaining contentions have been considered and found to be lacking in merit.
Aarons, J.P., Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: To the extent that defendant now similarly argues that his counsel's failure to advise him of a possible defense prior to pleading guilty rendered his assistance ineffective, such is not preserved for our review as it was not the basis for his motion to withdraw (see People v Graham, 233 AD3d at 1086 n; People v Nunnally, 224 AD3d 992, 993-994 [3d Dept 2024], lv denied 41 NY3d 1004 [2024]).